RAOUL H. SCHILLE, PLAINTIFF-RESPONDENT, v. IVON H. BUDD, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Donald B. Munsick.*

For the respondent, *Whiting & Moore.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court entered on *postea* signed by Judge Dungan who tried the case without a jury. The suit was by the assignee of a corporation, known as Wangler-Budd Company, Incorporated, of an account between the corporation and the defendant-appellant, who was one of the officers and directors of the corporation and a controlling member thereof. It appears that there were debits and credits in the account. The grounds of appeal raise only two points, both of which challenge findings of fact.

The first is that the defendant was entitled to a credit of $6,042.72, which was credited to his account as alleged on December 31st, 1928. Judge Dungan found as a matter of fact that there was no testimony to support or justify such credit and that it was properly canceled after there was a change in the corporate management. It appears that this item arose by reason of an agreement between one Croes and the appellant. Croes was president and director of the corporation, which took over the business of Julian W. Lyon & Company, Incorporated, manufacturers of essential oils and perfumery materials. Croes and Budd seem to have been the moving spirits and for some purpose not explained, they concluded that the sum of $12,085.44, which was said to be a prospective profit on goods in process of manufacture, should be credited one-half to the account of each of these individuals. Of course, the profit had not been earned and it was a pure bookkeeping item. There was no consideration to support it. Judge Dungan found that it was properly canceled in the defendant's account. Such conclusion was justified from the testimony and, inasmuch as Judge Dungan so found, and there is no question of law involved, but only one of fact, it is not subject to review on this appeal.

As to the next and other ground of appeal, it is that the trial court erred in refusing to permit the defendant to offer evidence to show that he was entitled to a further credit with respect to a liability of Wangler-Budd Company, Incorporated, of which the defendant and Wangler had each personally assumed one-half. Judge Dungan properly found that this was not a proper item of credit because it had been personally assumed when the defendant came in as a stockholder of the corporation. Upon so finding, he excluded any further testimony with respect to the item. The ground of appeal is to the finding of the trial judge as exhibited by the *postea,* and not to the ruling of the trial judge on the offer of testimony.

We conclude that there was no error in the findings of the trial judge on the questions raised on this appeal.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.